JS 44 Rev 3/99

# CIVIL COVER SHEET

The JS-120 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
Veronica O'Neal

**(b)** County Of Residence Of First Listed Plaintiff: Essex County, New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, And Telephone Number)
Edward Colligan
17 Academy Street
Newark, NJ 07102

## DEFENDANTS
Lord & Taylor

County Of Residence Of First Listed:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Richard J. Sexton, Esquire
RAWLE & HENDERSON, LLP
401 Route 73 North, Suite 200
Marlton, NJ 08053
856-596-4800

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
For diversity cases only (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21, USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395FF) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/ DIWW(405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 20 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite The U.S. Civil Statute Under Which You Are Filing And Write A Brief Statement Of Cause)
Do Not Cite Jurisdictional Statutes Unless Diversity.) This matter is removed to Federal Court pursuant to 28 U.S.C. §1332. Diversity of Citizenship exists between Plaintiff, a resident of New Jersey and Defendant, Lord & Taylor a Delaware corporation with its principal place of business in New York City, New York, and Chanel, a subsidiary of a foreign corporation with its principal place of business in New York City, New York, Inc. Further, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ None made.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
DOCKET NUMBER

DATE: December 5, 2012    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____    AMOUNT $ ____    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

**RAWLE & HENDERSON LLP**
By: Richard J. Sexton, Esquire
40 Lake Center Executive Park
401 Route 73 North, Suite 200
Marlton, New Jersey 08053
(856) 596-4800
Attorneys for Defendant Lord & Taylor

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERONICA O'NEAL<br><br>                  **Plaintiff,**<br><br>v.<br><br>LORD & TAYLOR LLC.,<br>CHANEL INC.<br>NRDC EQUITY PARTNERS-d/b/a LORD & TAYLOR<br>HUDSON'S BAY COMPANY d/b/a LORD & TAYLOR<br>JOHN DOE 1-5 OWNER OF CHAIR<br>JOHN DOE 6-10 SUPPLIER OF CHAIR<br>JOHN DOE 11-15 CHAIR INSPECTION, REPAIR AND MAINTENANCE CONTRACTOR<br>JOHN DOE 16-20 CHAIR MANUFACTURER<br><br>                  **Defendant (s).** | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY<br><br>LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO. ESX-L-2828-13<br><br><u>NOTICE OF REMOVAL</u> |

TO:   The Judges of the United States District Court for the District of New Jersey

**PLEASE TAKE NOTICE** that Defendant Lord & Taylor, (incorrectly referred to as Lord & Taylor, LLC, NRDC Equity Partners–d/b/a Lord & Taylor and Hudson's Bay Company-d/b/a Lord & Taylor, hereinafter "Lord & Taylor") hereby remove the above-entitled action from the Superior Court of New Jersey, Law Division, Essex County, New Jersey to the United States

District Court for the District of New Jersey pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

In support of the Notice of Removal, Defendant states:

1. On April 17, 2013, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, New Jersey. The Complaint alleges that Plaintiff Veronica O'Neal suffered severe injuries, including economic loss, as a result of an accident at the Lord & Taylor store in the Willowbrook Mall, in Wayne New Jersey on June 11, 2011. Medical records produced by Plaintiff's counsel indicate that Plaintiff is claiming to have suffered an annular tear in her L5-S1 lower back disc as a result of the accident. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. Plaintiff's Complaint states that Plaintiff resides in Newark, New Jersey.

3. As of the date of the filing of Plaintiff's Complaint and up through the present date, Lord & Taylor was and is a Delaware corporation with its principal place of business at 424 Fifth Avenue New York City, NY 10018.

4. As of the date of the filing of Plaintiff's Complaint, and up through the present date, the other named defendant, Chanel, was and is a subsidiary of Chanel S.A., a foreign corporation with its principal place of business within the United States of America located in New York City, New York.

5. Accordingly, complete diversity jurisdiction exists between the Plaintiff and the defendants in this case.

6. Counsel for Chanel, Carl M. Perri, Esquire, has advised me that his client has consented to removal of this case to federal court.

7. Upon information and belief, the potential damages in controversy in this matter exceed the amount of $75,000.00, exclusive of interest and costs, based on Plaintiff's counsel's assertion that Plaintiff has suffered severe injuries including an annular torn disc and economic losses.

8. Accordingly, the United States District Court for the District of New Jersey has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it arises between citizens of different states and the potential amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

9. Lord & Taylor first received a copy of the initial pleading in this action through certified mail on April 19, 2013. The Summons for Plaintiff's Complaint is dated April 17, 2013. (Exhibit "A"). As said service does not necessarily constitute valid service of process pursuant to the New Jersey Rules of Court, and upon information and belief, Plaintiff has not yet attempted to effect personal service of process upon Lord & Taylor, this Notice of Removal is being filed within 30 days of Plaintiff's putative service of the initial state court pleading upon Lord & Taylor.

WHEREFORE, Defendant, Lord & Taylor, prays that the above-captioned matter, now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed therefrom to the United States District Court for the District of New Jersey.

RAWLE & HENDERSON LLP

By: _____
Richard J. Sexton, Esquire
Attorneys for Defendant
Lord & Taylor

6474561-1

Dated: 5/17/13

40 Lake Center Executive Park
401 Route 73 North, Suite 200
Marlton, NJ 08053
(856) 596-4800

6474561-1

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Notice of Removal as well as Notice of Filing Notice of Removal was served via overnight mail to:

Edward Colligan, Esquire
17 Academy Street
Newark, NJ 07102

Carl M. Perri, Esquire
Clausen Miller
100 Campus Drive
Florham, NJ 07932

Clerk, Superior Court of New Jersey
Essex County
465 Dr. Martin Luther King, Jr. Blvd
Newark, NJ 07102

RAWLE & HENDERSON

By: _____
Richard J. Sexton, Esquire
Attorneys for Defendant
Lord & Taylor

Dated: 5/17/13

6474561-1

# EXHIBIT "A"

EDWARD COLLIGAN
17 Academy Street
Newark, New Jersey 07102
(973) 623-6665
Attorney for Plaintiff

| | |
|---|---|
| Veronica O'Neal,<br><br>    Plaintiff<br><br>vs.<br><br>Lord & Taylor LLC<br>Chanel Inc.<br>NRDC Equity Partners-d/b/a Lord & Taylor<br>Hudson's Bay Company-d/b/a Lord & Taylor<br>John Doe 1-5-owner of chair<br>John Doe 6-10-supplier of chair<br>John Doe 11-15-chair inspection, repair & maintenance contractor<br>John Doe- 16-20-chair manufacturers | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO.: ESX-L-2828-13<br><br><br>CIVIL ACTION<br><br>SUMMONS |

From the State of New Jersey
To The Defendant(s) Named Above:

   The plaintiff named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date your received it. (The address of each deputy clerk of the Superior Court is provided.) An $135.00 filing fee payable to the Treasurer, Stte of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no Attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services, A list of these numbers is also provided.

Dated: 4/17/2013

                                                                                    _Jennifer M. Perez_
                                                                       JENNIFER M PEREZ, ACTING CLERK OF THE
                                                                       SUPERIOR COURT

Name of defendant to be served:  Hudson's Bay Company-d/b/a Lord & Taylor
Address for Service:                  3 Manhattanville Rd Ste 202
                                       Purchase, NY 10577

Edward Colligan
17 Academy Street
Newark, NJ 07102
(973)623-6665
Attorney for Plaintiff

---

Veronica O'Neal

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY
DOCKET NO.: ESX-L-2828-13

               Plaintiff(s)
vs.

Civil Action

Lord & Taylor LLC
Chanel Inc.
NRDC Equity Partners-d/b/a Lord & Taylor
Hudson's Bay Company-d/b/a Lord & Taylor
John Doe 1-5-owner of chair
John Doe 6-10-supplier of chair
John Doe 11-15-chair inspection, repair and maintenance contractor
John Doe 16-20-chair manufacturer

COMPLAINT

               Defendant(s)

---

Veronica O'Neal
residing in Newark       , NJ    , and being the Plaintiff(s) herein, by way of Complaint against the defendant(s) says:

## FIRST COUNT

1- On or about June 11, 2011, plaintiff was lawfully upon premises known as Lord & Taylor, in the vicinity of the Chanel cosmetics counter, located at 4 Willowbrook Mall, Wayne, New Jersey.

2- On or about the above time and place, the defendant, Lord & Taylor LLC., was the owner, landlord, operator and/or otherwise in control of said premises, which they negligently failed to equip, furnish, inspect, operate and maintain in a safe and proper manner.

3- On or about the above time and place, the defendant, Lord & Taylor, LLC, was the owner, operator and/or otherwise in control of a chair located in the vicinity of the Chanel cosmetics counter, which they negligently failed to properly label and provide adequate instructions and warnings, equip, arrange, inspect and maintain in a safe and proper manner.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, Lord & Taylor, LLC., for compensatory damages, attorneys fee and costs of suit.

## SECOND COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first count and makes same a part hereof as though set forth at length herein.

2- On or about the above time and place, the defendant, Chanel Inc.,

was the owner, tenant, operator and/or otherwise in control of said premises, which they negligently failed to equip, furnish, inspect, operate and maintain in a safe and proper manner.

3- On or about the above time and place, the defendant, Chanel Inc., was the manufacturer, designer, distributor, owner, operator and/or otherwise in control of a chair, located in the vicinity of the Chanel cosmetics counter, which they negligently failed to properly design, manufacture, label and provide adequate instructions and warnings, equip, arrange, inspect and maintain in a safe and proper manner.

4- The defendant negligently failed to provide premises and chair that were reasonably fit, suitable and safe for its intended use for which the plaintiff makes claim in common law negligence, pursuant to the doctrine of res ipsa locuitur, breach of warranty and pursuant to the NJ Products Liability Act.

5- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, Chanel Inc., for compensatory damages, attorneys fee and costs of suit.

THIRD COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first and second counts and makes same a part hereof as though set forth at length herein.

2- On or about the above time and place, the defendant, NRDC Equity Partners-d/b/a Lord & Taylor., was the owner, landlord, operator and/or otherwise in control of said premises, which they negligently failed to equip, furnish, inspect, operate and maintain in a safe and proper manner.

3- On or about the above time and place, the defendant, NRDC Equity Partners-d/b/a Lord & Taylor , was the owner, operator and/or otherwise in control of a chair located in the vicinity of the Chanel cosmetics counter, which they negligently failed to properly design, manufacture, label and provide adequate instructions and warnings, equip, arrange, inspect and maintain in a safe and proper manner.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, NRDC Equity Partners-d/b/a Lord & Taylor, for compensatory damages, attorneys fee and costs of suit.

## FOURTH COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first, second and third counts and makes same a part hereof as though set forth at length herein.

2- On or about the above time and place, the defendant, Hudson's Bay Company-d/b/a Lord & Taylor., was the owner, landlord, operator and/or otherwise in

control of said premises, which they negligently failed to equip, furnish, inspect, operate and maintain in a safe and proper manner.

3- On or about the above time and place, the defendant, Hudson's Bay Company-d/b/a Lord & Taylor, was the owner, operator and/or otherwise in control of a chair located in the vicinity of the Chanel cosmetics counter, which they negligently failed to properly design, manufacture, label and provide adequate instructions and warnings, equip, arrange, inspect and maintain in a safe and proper manner.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, Hudson's Bay Company-d/b/a Lord & Taylor, for compensatory damages, attorneys fee and costs of suit.

FIFTH COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first, second, third and fourth counts and makes same a part hereof as though set forth at length herein.

2- On or about the above time and place, the defendant, John Doe 1-5- owner of chair, was the manufacturer, designer, distributor, owner, operator and/or otherwise in control of a chair located in the vicinity of the Chanel cosmetics counter, which they negligently failed to properly design, manufacture, label and provide adequate

instructions and warnings, equip, arrange, inspect and maintain in a safe and proper manner.

3- The defendant negligently failed to provide a premises and chair that was reasonably fit, suitable and safe for its intended use for which the plaintiff makes claim in common law negligence, pursuant to the doctrine of res ipsa locuitur, breach of warranty and pursuant to the NJ Products Liability Act.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, John Doe 1-5-owner of chair, for compensatory damages, attorneys fee and costs of suit.

## SIXTH COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first, second, third, fourth and fifth counts and makes same a part hereof as though set forth at length herein.

2- On or about the above time and place, the defendant, John Doe 6-10- supplier of chair, was responsible for selecting, distributing, supplying, inspecting, equipping, installing and maintaining the chair located in the vicinity of the Chanel cosmetics counter, which they negligently failed to select, supply, equip, arrange, install inspect and maintain in a safe and proper manner.

3- The defendant negligently failed to provide a premises and chair that was reasonably fit, suitable and safe for its intended use for which the plaintiff makes

claim in common law negligence, pursuant to the doctrine of res ipsa locuitur, breach of warranty and pursuant to the NJ Products Liability Act.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, John Doe 6-10-supplier of chair, for compensatory damages, attorneys fee and costs of suit.

### SEVENTH COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first, second, third, fourth, fifth and sixth counts and makes same a part hereof as though set forth at length herein.

2- On or about the above date, the defendant, John Doe 11-15-chair inspection, repair and maintenance contractor, was responsible for the inspection, repair and maintenance of said chair, which he negligently failed to inspect, repair and maintain in a safe and proper manner.

3- The defendant negligently failed to provide a premises and chair that was reasonably fit, suitable and safe for its intended use for which the plaintiff makes claim in common law negligence, pursuant to the doctrine of res ipsa locuitur, breach of warranty and pursuant to the NJ Products Liability Act.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, John Doe 11-15-chair inspection, repair and maintenance contractor, for compensatory damages, attorneys fee and costs of suit.

### EIGHTH COUNT

1- Plaintiff repeats each and every allegation contained in all paragraphs of the first, second, third, fourth, fifth, sixth and seventh counts and makes same a part hereof as though set forth at length herein.

2- On or about the above time and place, the defendant, John Doe 16-20-chair manufacturer, was the manufacturer of said chair, which he negligently failed to properly design, manufacture, label and provide adequate instructions and warnings in a safe and proper manner.

3- The defendant negligently failed to provide a premises and chair that was reasonably fit, suitable and safe for its intended use for which the plaintiff makes claim in common law negligence, pursuant to the doctrine of res ipsa locuitur, breach of warranty and pursuant to the NJ Products Liability Act.

4- As a result of the aforesaid, the plaintiff was caused to fall, causing her to sustain severe personal injuries, hedonic damages and suffered economic and non economic losses.

WHEREFORE, Plaintiff demands judgment against the defendant, John Doe 16-20-chair manufacturer, for compensatory damages, attorneys fee and costs of suit.

PLAINTIFF DEMANDS Trial by jury as to all issues.

_____
EDWARD M. COLLIGAN
Attorney for Plaintiff

CERTIFICATION

I hereby certify, pursuant to Rule 4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and no other party should be joined in this action at this time.

_____
EDWARD M. COLLIGAN
Attorney for Plaintiff

INTERROGATORIES

Plaintiff hereby demands each named defendant supply certified answers to Form C and to the applicable Form C(1) or C(4) uniform interrogatories within the time allowed by the Rules of Court.